**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AIR COMFORT CO., INC.,** *et al.,* | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION: 16-00228-KD-B** |
| | ) | |
| **CARRIER CORPORATION,** | ) | |
|     **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Plaintiff's motion to remand (Doc. 14), Defendant's Response (Docs. 24, 26) and Plaintiff's Reply (Doc. 29).   Upon consideration the Court finds the motion is due to be **GRANTED.**

I.     <u>Background</u>

This matter was initiated in Alabama state court on March 23, 2011 against Carrier and several in-state defendants.   (Doc. 1-1 at 1-33).   On April 28, 2016, Air Comfort filed its third amended complaint alleging, *inter alia*, that Carrier had violated the *Buy America Act*, 49 U.S.C. § 5323(j).   (Doc. 1-8).   Carrier removed the case based on federal jurisdiction on May 19, 2016, and alleged that the Court had supplemental jurisdiction over the state law claims.   (Doc. 1).   Carrier also noted that Carrier was the only remaining defendant.   On May 24, 2016, Carrier filed a notice to amend the removal petition alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 8).

Thereafter, Air Comfort moved to amend the complaint to dismiss its claim that Carrier had violated the *Buy America Act*.   (Doc. 15).   The motion was granted upon response from Carrier that it did not object as long as the proposed complaint, which it had not seen, only

1

removed the *Buy America Act* claim.   (Doc. 31).   Accordingly, before the Court is the fourth amended complaint, which does not include the federal claim.   (Doc. 30).

The Court finds that this case was properly removed on May 19, 2016, on the basis of federal question jurisdiction.[1]  However, now that the federal claim has been dismissed, the Court must determine whether the case should be remanded.

Carrier correctly points out that voluntary dismissal of the sole federal claim does not deprive the district court of jurisdiction. <u>Osborn v. Haley</u>, 549 U.S. 225, 245, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction[]").   However, the Court's authority to retain the case in that scenario is based on its ability to exercise supplemental jurisdiction.   When only state claims remain the Court has discretion whether to retain jurisdiction.   28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -- …. the district court has dismissed all claims over which it has original jurisdiction[]").

In exercising its discretion the Court is guided by the Supreme Court:

> Under *Gibbs*, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, [] the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *Id.*, at 726–727, 86 S.Ct., at 1139. As articulated by *Gibbs*, the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.

<u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988) (footnote omitted).   It is clear that

---

[1] On the face of the complaint there appeared to be a federal claim. This is not a determination as to whether the claim was due to be dismissed.   That analysis is not necessary since the claim has been dismissed.

judicial economy, convenience, fairness to the parties and comity all favor remand.   This case

has been ongoing for five (5) years in state court.   Significant discovery has occurred and the

case was set for a trial in the state court for the Fall of 2016.   The state court is exceedingly

more familiar with the facts, the issues and the parties to this litigation.   It would make no sense

for this court to expend the resources necessary to attempt to get up to speed on this case.   (The

removal includes no less than 5,000 pages of documents).   This case has made a detour to this

Court for a mere three (3) months.   All interests would be best served by remanding this case

for its continuation in state court.   Moreover, the Eleventh Circuit "ha[s] encouraged district

courts to dismiss any remaining state claims when ... the federal claims have been dismissed

prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam).

See also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d

218 (1966) (footnotes omitted) ("Needless decisions of state law should be avoided both as a

matter of comity and to promote justice between the parties, by procuring for them a surer-footed

reading of applicable law. [] Certainly, if the federal claims are dismissed before trial, even

though not insubstantial in a jurisdictional sense, the state claims should be dismissed as

well[]"); Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) (quoting L.A. Draper &

Son v. Wheelabrator–Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984) (citing Gibbs, 383 U.S. at

726, 86 S.Ct. 1130)) ("[T]his Court has noted that 'if the federal claims are dismissed prior to

trial, Gibbs strongly encourages or even requires dismissal of the state claims[]'"); also see

Enochs v. Lampasas County, 641 F.3d 155, 161-62 (5th Cir. 2011)(Our deference cannot stretch

so far as to find no abuse of discretion[in denying remand] where, as is the case here, all federal

claims were deleted at the infancy of the case and the balance of the statutory and common law

factors weighs heavily in favor of remand.)

However, Carrier also argues that the case cannot be remanded because diversity jurisdiction is present.   Carrier cites <u>Cuevas v. Bac Home Loans Servicing, LP</u>, 648 F.3d 242 (5th Cir. 2011), for its argument.   In <u>Cuevas</u>, the court held that the fact that the defendant had waived it right to a federal forum based on diversity jurisdiction by failing to timely remove was irrelevant to the determination of whether the district court can or should remand the action. <u>Id</u>. at 248.   Moreover, the court held that the exercise of diversity jurisdiction by the district court was not discretionary. <u>Id</u>.   While it is against the undersigned's better instincts to ever disagree with Circuit Judge Prado, in this case it must.

With regard to removal on the basis of diversity jurisdiction, 28 U.S.C. § 1446(b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Subsection (c)(1), referenced above, states:

> A case may not be removed under subsection (b)(3) *on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action*, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1) (emphasis added). Thus any removal based on diversity jurisdiction would have been required to occur on or before March 23, 2012 (within a year of the filing of the initial pleading).

Upon consideration of subsection (c)(1) quoted above, the Court finds that exercising

4

jurisdiction on the basis of diversity, which was asserted more than a year after commencement of the action, would run afoul of the plain language of the statute.[2]  The court acknowledges that this is a procedural defect and not a jurisdictional defect.   However, the plaintiff has timely objected to the untimely removal.   Thus, the amended notice of removal is ineffective to invoke diversity jurisdiction.

The court disagrees with the decision in <u>Cuevas</u> for two reasons.   First, Congress has conferred on plaintiff the right to object to procedural defects in removal.   And, if the objection is well taken and filed within 30 days of removal, Congress has said the case should be remanded.   If the court exercised diversity jurisdiction in this case, in spite of a timely and correct procedural objection, this would ignore plaintiff's right to object.   Plaintiff's right to object to an untimely assertion of diversity jurisdiction is not abrogated simply because the case is initially brought to federal court on federal question jurisdiction.

Second, to exercise diversity jurisdiction in the situation at bar would circumvent Congress' intent to procedurally restrict when Article III jurisdiction is properly invoked.

> In 1988, Congress amended this statute to prohibit the removal of diversity cases more than one year after their commencement. This change was intended to encourage prompt determination of issues of removal in diversity proceedings, and it sought to avoid the disruption of state court proceedings that might occur when changes in the case made it subject to removal.

*Report to the Committee on the Judiciary of the United States House of Representatives* § 103, at 15, H.R. 112–10 (2011).   Effective January 6, 2012, the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63, 125 Stat. 760, 762 ("JVCA"), added a bad-faith exception to the one-year limitation. This was codified at 28 U.S.C. §1446(c)(1). This is the only exception, outside of waiver by the plaintiff, to removal of a case after one year based on

---

2  There is no basis to find that Air Comfort has acted in bad faith.

diversity of citizenship.    The court declines to add an additional exception.

Moreover, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."   Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

In sum, the Court finds that diversity jurisdiction has not been properly invoked and that exercising supplemental jurisdiction at this late stage in the litigation is not warranted. Accordingly, the motion to remand (Doc. 14) is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Mobile County, Alabama.

**DONE** and **ORDERED** this **20**th day of **July 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**